# MAZIE SLATER KATZ & FREEMAN, LLC

COUNSELLORS AT LAW

103 Eisenhower Parkway
Roseland, NJ 07068
(973) 228-9898
Fax (973) 228-0303
www.mskf.net

Writer's Direct Dial: 973-228-9911

David A. Mazie*†
Adam M. Slater*°
Eric D. Katz*°
David M. Freeman

\* Certified by the Supreme Court of
New Jersey as a Civil Trial Attorney

† Certified as a Civil Trial Specialist
by the National Board of
Trial Advocacy

Counsel
Beth G. Baldinger°

Jennifer D. Pawlak°
Matthew R. Mendelsohn°
John D. Gagnon
Karen G. Kelsen°
Cheryll A. Calderon

° Member of N.J. & N.Y. Bars

October 1, 2010

**VIA ECF ONLY**

Honorable Esther Salas, U.S.M.J.
United States District Court
Martin Luther King, Jr. Federal Building
50 Walnut Street
Newark, New Jersey 07102

      Re:    Mechin vs. Carquest Corporation, et als.
               Civil Action No.: 07-5824

Dear Judge Salas:

      Now that fact discovery has been concluded, I am writing pursuant to the November 6, 2008 Pretrial Scheduling Order to seek permission to file a motion for partial summary judgment as to the issues of proximate cause and comparative negligence.

      As the Court is aware this is a product liability case involving a defective product which was used by plaintiff, Jean Michele Mechin while working at Firestone. As a result of using the product, Mr. Mechin sustained severe burns on approximately 42% of his body. Defendants have focused the great majority of their discovery on attempting to prove that Mr. Mechin and/or his employer/co-workers were comparatively negligent in their use of the product. New Jersey law is crystal clear that comparative negligence is barred as a matter of policy in any product liability case involving an injured worker. See Suter v. San Angelo Foundry & Machine Co., 81 N.J. 150 (1979). We therefore seek permission to file a motion for partial summary judgment removing this issue from the case.

Honorable Esther Salas, U.S.M.J.
October 1, 2010
Page 2

We also seek permission to file a motion for partial summary judgment on the issue of proximate cause as it is undisputed that defendant's product was, at a minimum, a substantial contributing factor to the cause of the accident. This issue is also related to the comparative negligence issue as product manufacturers are required to design their products to avoid any potential misuse of their product. See Jurado v. Western Gear Works, 131 N.J. 375, 388 (1993).

In short, much of the defense of this case has focused on comparative negligence and alleged misuse of the product, and permitting plaintiff to file a motion for partial summary judgment will streamline the case and remove legally impermissible arguments and defenses which have overly complicated -- and bogged down -- this case.

Respectfully,

DAVID A. MAZIE

cc: All Counsel (via ecf)

(H:\DAM\Mechin\Judge Salas ltr 10-1-10.doc)