

45 Broadway, 21st Floor, New York, NY 10006
212.952.1100 • Fax: 212.952.1110
www.hcandglaw.com

*Scott Haworth*
*Direct: 212.952.1101*
scott.haworth@hcandglaw.com

March 23, 2011

<u>*Via ECF*</u>

Honorable Magistrate Judge Esther Salas
United States District Court for the District of New Jersey
50 Walnut Street
Newark, New Jersey 07101

**Re: *Mechin v. Carquest, et al.***
     Our File No.: 571-1003

Dear Judge Salas:

    We represent Voltec Industries LLC in the above-referenced matter.

    We write in response to plaintiff's March 22, 2011 letter requesting a briefing schedule for a proposed Rule 11 motion. The basis for plaintiff's motion is his claim that defendants had no reasonable basis to move for summary judgment based on the "innocent seller" doctrine[1]. Plaintiff claims that defendants cannot show that the Chinese manufacturer, TMC Electrical Limited, who plaintiff elected not to sue, does not have a presence in the United States and therefore is not a viable defendant under N.J.S.A. 2A:58C-9. Plaintiff cites certain evidence which he claims is contradictory and does not support Voltec's "innocent seller" defense. Voltec submits that the testimony cited by plaintiff is incomplete and that there is sufficient evidence that the Chinese manufacturer, TMC Electrical, has a presence in the United States, and that there is no evidence that TMC Electrical lacks assets or is otherwise bankrupt.

    Plaintiff's application is unsavory legal gamesmanship, nothing more. All *Daubert* and summary judgment motions are pending before Judge Wigenton. To the extent plaintiff believes he has a basis upon which to oppose any aspect of Voltec's motion, the proper procedure is to make that argument in his opposition brief and in connection therewith, seek whatever affirmative relief to which he thinks he may be entitled. The subject request is ill-conceived, improper and is more properly dealt with in connection with the motion to which it pertains, the summary judgment motion pending before Judge Wigenton.

    We respectfully ask your Honor to note that plaintiff is now engaged in his second go-round of affirmative summary judgment motions against the defendants. Over defendants' objection, plaintiff obtained permission to and filed summary judgment motions that Judge Wigenton noted were

---

[1] Voltec's summary judgment motion was not solely based on the "innocent seller" doctrine.

*New Jersey Office:* 660 Newark Avenue, Jersey City, NJ 07306 Tel: 201.465.4180 Fax: 201.465.4182

Mechin v. Carquest, et al.
March 23, 2011
Page 2

premature. Plaintiff has once again filed motions seeking the identical relief, causing defendants to have to oppose what we believe to be a factually and legally inaccurate motion for the second time. Notwithstanding, Voltec has not and does not now invoke Rule 11; rather, Voltec will submit the appropriate opposition in accordance with Judge Wigenton's briefing schedule.

Based on the foregoing, we respectfully request that plaintiff's application be denied. Thank you for your consideration of this matter.

Very truly yours,

Scott Haworth
Haworth Coleman & Gerstman, LLC

SLH/blg

cc: *Via ECF*

David Mazie
Matthew Mendelsohn
Mazie Slater Katz & Freeman LLC
103 Eisenhower Parkway
2nd Floor
Roseland, New Jersey 07068

Jennifer L. Stratis
Lithcfield Cavo, LLP
1800 Chapel Avenue West
Suite 360
Cherry Hill, NJ 08002

John H. Maucher
Mintzer Sarowitz Zeris Ledva & Meyers LLP
2070 Springdale Road, Suite 400
Cherry Hill, New Jersey 08003