

**Mintzer Sarowitz
Zeris Ledva & Meyers LLP**

ATTORNEYS AT LAW

2070 Springdale Road, Suite 400
Cherry Hill, NJ 08003
Tel: 856.616.0700
Fax: 856.616.0776
www.defensecounsel.com

E-mail: jmaucher@defensecounsel.com

File No. 005355.000003

Centre Square, West Tower
1500 Market Street
Suite 4100
Philadelphia, PA 19102
Tel: 215.735.7200

2070 Springdale Road
Suite 400
Cherry Hill, NJ 08003
Tel: 856.616.0700

39 Broadway
Suite 950
New York, NY 10006
Tel: 212.968.8300

17 West John Street
Suite 200
Hicksville, NY 11801
Tel: 516.939.9200

1000 N.W. 57th Court
Suite 300
Miami, FL 33126
Tel: 305.774.9966

625 Liberty Avenue
Suite 390
Pittsburgh, PA 15222
Tel: 412.928.0502

1220 North Market Street
Suite 300
Wilmington, DE 19801
Tel: 302.655.2181

53 Washington Avenue
Wheeling, WV 26003
Tel: 304.230.1115

8166 Woodland Center
Boulevard
Tampa, FL 33614
Tel: 813.885.5220

April 8, 2011

U. S. Magistrate Judge Esther Salas
United States District Court
Martin Luther King, Jr. Courthouse Building
50 Walnut Street
Newark, NJ 07102

RE:   **MECHIN v. CARQUEST CORPORATION; et al.
Civil Action No.2:07-cv-05824-SDW-ES**

Dear Judge Salas:

Please accept the following Letter Brief on behalf of the Carquest defendants in response to plaintiff's request for Rule 11 Sanctions in this matter. Plaintiff's request for Rule 11 Sanctions follows a request to all defendants to withdraw motions which assert they are "innocent sellers" entitled to the protection of the New Jersey Products Liability Act. ("NJPLA")  In support of plaintiff's application was a series of emails wherein plaintiff's counsel (Mr. Mendelson) and counsel for TMC (Mr. Shea) explored the issue of whether TMC Enterprises was an agent of, or part of TMC Electrical Products (Shenzhen) Company, Ltd.  It appears that Mr. Mendelson contacted a phone number on the UL submission for the product in question and that phone number led to a phone conversation with a Chris Sullivan who allegedly confirmed he worked for the Chinese TMC, but provided an email address for TMC Enterprises – California.

In response to questions from Mr. Mendelson; Jack Shea (counsel for TMC and TASCO) responded to Mr. Mendelson. Based upon this email exchange over a year ago (before the undersigned was even in the case), plaintiff seeks to bar all defendants from asserting the "innocent seller" defense under the NJPLA.

The Carquest defendants declined the demand to withdraw their motion and defense as innocent sellers based upon the evidence and testimony in this matter which includes the testimony of Tom Miller (Exhibit A), print-out from the TMC Enterprises' website (Exhibit B), testimony of Mr. Herschbach of Underwriter Laboratories (Exhibit C), and the UL listing application signed by Thomas Miller as the agent and/or representative of the Chinese manufacturer (Exhibit D). (See Exhibits A-D attached to the Maucher Certif).

We would ask the Court to consider the arguments, undisputed facts, and exhibits with defendants' Certification with their Summary Judgment Motion, as well as the arguments, testimony, and exhibits attached in support of their Opposition Brief to plaintiff's Summary Judgment Motion, as well as the Exhibits attached herein in opposition to the Rule 11 Sanctions Request. Specifically, we direct the Court's attention to Tom Miller's testimony about his companies' involvement with the Chinese manufacturer (Exhibit A), his company's website (Exhibit B), and the fact that he is listed as an agent for the Chinese manufacturer (Exhibit D) in the UL application for testing and listing of the product. Upon learning of the lawsuit Miller went and inspected the product and confirmed that it was indeed a product his company manufactured. (Miller dep. 53:15-55:9) The Carquest defendants submit that Miller's companies (defendants TMC/Tasco), are the manufacturer of the product. Even if disputed, at a minimum Miller

acted as an agent for the Chinese Manufacturer (Miller dep. 71:16-72:6 & Exhibit D) and that is enough for Carquest to claim the defense of an innocent seller. Ultimately, whether or not Miller and his companies were the actual manufacturer, or an agent for the manufacturer, or neither, will be a question for the jury to determine. However, there is ample evidence for the Carquest defendants to argue that they are an innocent seller. Therefore, the request for Rule 11 Sanctions as to the Carquest defendants was without any basis and the Carquest defendants' refusal to withdraw their motion was warranted.

Rule 11 Sanctions may be imposed to deter litigation abuse when a claim or motion is patently unmeritorious or frivolous. *See*, Doering v. Union County, 857 F.2d, 191, 194 (3rd. Cir. 1998). Rule 11 requires that the pleading or a motion be signed by the attorney of record which constitutes a certificate by the signer that they have read the filing and as to the best of their information, knowledge and belief formed after reasonable inquiries it is well grounded in fact and is warranted by existing law and that it is not filed for an improper purpose, such as to harass, cause unnecessary delay, or to needlessly increase the cost of litigation. *See*, Lightening Lube, Inc. v. Witco Corp., 144 F.2d 662, 666 (D.N.J. 1992). *See also*, Gaiardo v. Ethyl Corp., 835 F.2d 479, 482 (3rd Cir. 1987). Also, the Rule 11 Sanctions are reserved for the exceptional circumstances where a claim or a motion is patently unmeritorious or frivolous. Doering v. Union County Bd. Of Chosen Freeholders, 857, F.2d 191, 194 (3rd Cir. 1988).

Plaintiff made the argument that all defendants should be estopped from asserting the defense of "innocent seller" under the NJPLA, because no one provided an Affidavit as to the identity of the manufacturer. That argument must fail as the requirement for an Affidavit under the NJPLA is to show that "due diligence shall be exercised in providing

the plaintiff with the correct identity of the manufacturer or manufacturers." Claypotch v. Heller, Inc. 360 N.J.Super. 472, 486 (App. Div. 2003)

Clearly the Act is intended to provide trustworthy notice of the real identity of the manufacturer to a party so they know who to sue and so they would not be misled until it was too late to sue the responsible party (as well as to prevent passage of time that makes discovery difficult and to further judicial economy). Claypotch v. Heller at 486.

In this case, Tom Miller provided testimony under oath as to his company's role in the manufacturing of the product, plus there is a UL application with his name as the agent and that application identifies the Chinese manufacturer. Plaintiff developed their case and conducted discovery based upon the fact that TMC/Tasco were the manufacturer of the product, Voltec was the distributor, and Carquest defendants were the retail sellers. Simply because of an email by counsel for TMC that they were not the manufacturer does not mean that the Carquest defendants' defense is without merit. At most it raises yet another question for the jury as to whether or not TMC/Tasco was the manufacturer, or the U.S. agent, or neither.

The NJPLA mentions a requirement for an "Affidavit" but the case law speaks to the need for "due diligence in amending his complaint to identify the true name of a fictitiously named manufacturer-defendant." Id. at 486. Also, "seller's early revelation of the manufacturer's identity enables a plaintiff to conduct discovery…" Id. "…based on its certification of the manufacturer's identity…" Id. "In this case, Heller did not send an affidavit to plaintiff certifying …but plaintiff was aware … that FICEP was the manufacturer, and plaintiff could have joined FICEP as a direct defendant any time thereafter." Id. at 487. All phrases from Claypotch above make it clear that whether or

not it is by way of an affidavit, or a revelation, or notice, or certification, or other manner of identification, a party must be aware of the identity of the manufacturer for a defense of innocent seller.

It would be impossible for plaintiff to claim they were unaware of the identity of the Chinese manufacturer (if the jury finds that TMC/Tasco are not the manufacturer as well) since Miller testified under oath as to the manufacturer. Also, the UL documents produced and discussed at the deposition of UL representative Herschbach identified the Chinese manufacturer and made a case that TMC/Tasco are either the manufacturer or their agent. Clearly the plaintiff had notice of the manufacturer more than one year before discovery ended. The NJPLA has a "due diligence requirement" (Id. at 487), not an "Affidavit" requirement. Defendants are entitled to pursue dismissal and defense pursuant to the NJPLA innocent seller defense in spite of the lack of a signed Affidavit as to the identity of the manufacturer since that information was provided during each and every phase of discovery, and no protestations to the contrary by Tom Miller should remove that defense as a viable defense for the Carquest defendants.

Based upon the foregoing case law, testimony, and documentary evidence, the Rule 11 application by plaintiff's counsel must be denied.

Respectfully submitted,

*John H. Maucher*

JOHN H. MAUCHER (7892)

JHM/mm
cc: Matthew Ross Mendelsohn
David A. Mazie, Esq.
Scott L. Haworth, Esq.
John D. Shea, Esq.

1098347