# LITCHFIELD
# CAVO LLP*
Attorneys at Law

WRITER'S ADDRESS:
1800 Chapel Avenue West
Suite 360
Cherry Hill, NJ 08002
(856) 382-2274
(856) 751-1230  Fax
Email: shea@litchfieldcavo.com

*An Illinois Limited Liability Partnership

John D. Shea, New Jersey Managing Attorney

April 8, 2011

**VIA ECF AND FACSIMILE**

The Honorable Esther Salas, United States Magistrate Judge
United States District Court for the District of New Jersey
Martin Luther King, Jr. Federal Building
50 Walnut Street
Newark, NJ  07102

      Re:    Mechin v. Carquest Corporation, et al.
              U.S.D.C., District of New Jersey, Civil Case No.: 07-5824 (SDW) (ES)
              Our File No.: 2949-45

Dear Judge Salas:

As Your Honor is aware, I represent Defendants TMC Enterprises and Tasco (collectively "TMC Enterprises"), in the above captioned matter. On March 29, 2011, Your Honor entered a Letter Order denying Plaintiff's request to file a formal motion for sanctions pursuant to *Fed. R. Civ. P. 11*, and permitted Plaintiff the opportunity to file an informal motion that will be presented to Your Honor. Plaintiff's Letter Brief seeking sanctions against me as counsel for TMC Enterprises was submitted April 1, 2011. The following is submitted in response.

Plaintiff's request for sanctions arises out of the argument asserted by TMC Enterprises in its Motion for Summary Judgment ("Motion") that is should be relieved of all strict liability claims pursuant to Section 2A:58C-9 of the New Jersey Product Liability Act ("NJPLA"). Plaintiff contends that TMC Enterprises, as well as the other defendants, are playing "fast and

**LITCHFIELD**
<u>Attorneys at Law</u> **CAVO** LLP

The Honorable Esther Salas
United States Magistrate Judge
April 8, 2011
Page 2

loose" with the facts. Plaintiff's Opposition to TMC Enterprises' Motion was received on April 5, 2011, and virtually the same arguments are submitted in the Opposition on this issue as are asserted in Plaintiff's April 1, 2011 letter.

The standard under *Fed. R. Civ. P. 11* is reasonableness under the circumstances. *See Gaiardo v. Ethyl Corp.*, 858 F.2d 479 (3rd Cir. 1987). Rule 11 sanctions are reserved for exceptional situations were claims are patently false or without merit. *See Doering v. Union County Board of Chosen Freeholders*, 857 F.2d 191, 194 (3rd Cir. 1988). I have carefully reviewed TMC Enterprises' Motion and Statement of Undisputed Facts in Support of Motion and do not find that any statement of fact as stated is incorrect, or that the argument presented under the NJPLA is frivolous or wholly without merit. As such, there is more than a reasonable basis for TMC Enterprises' "innocent seller" argument.

TMC Enterprises, in answers to Plaintiff's Interrogatories dated March 13, 2009 and certified by Thomas Miller in compliance with Local Civil Rule 7.2, provided the name and address of the Chinese manufacturer of the product at issue. This information was confirmed at the deposition of Thomas Miller conducted almost one year later on February 9, 2010. Indeed, based on this information, TMC Enterprises sought leave of court to join the Chinese manufacturer to this litigation. Despite having the knowledge of the manufacturer, and without exercising any due diligence that has been presented of record in this case, and for its own litigation purposes, Plaintiff opposed the joinder. The motion for leave to join was subsequently denied by this Court pursuant to an Order dated and entered on August 18, 2010.

Pursuant to Section 2A:58C-9(a) of the NJPLA, TMC Enterprises asserts that the identification of the Chinese manufacturer was diligently and timely provided, twice, under oath

**LITCHFIELD**
Attorneys at Law **CAVO** LLP

The Honorable Esther Salas
United States Magistrate Judge
April 8, 2011
Page 3

by an individual with personal knowledge long before the close of fact discovery. Plaintiff contends that is was not done in the form of an Affidavit. However, Plaintiff can not dispute that the information was provided in verified answers to interrogatories in early 2009 and re-affirmed under oath at deposition in early 2010. *See Claypotch v. Heller, Inc.*, 360 N.J. Super 472, 823 A.2d 844 (App. Div. 2003).

Pursuant to 2A:58C-9(b) of the NJPLA, "a product seller shall be relieved of liability subject to the provisions set forth in subsection d. of this section." The application of this subsection d. is the crux of TMC Enterprises' argument that strict liability under the NJPLA does not apply to those in the chain of distribution whose sole role is to make the finished, packaged and labeled product available to consumers. Smith v. Alza Corp., 400 N.J.Super. 529, 948 A.2d 686 (A.D.2008).

The record is clear that TMC Enterprises' role in this matter was receipt of a purchase order for the product from Voltec, and the placement of the purchase order to Centraluxe in Hong Kong, who then transmitted the purchase order to the Chinese manufacturer. The product was drop shipped directly to Carquest. TMC Enterprises did not design, manufacture, package or label the product. In fact, TMC Enterprises never had control over the product. All of this is properly of record before this Court. Accordingly, a legitimate argument based on the record can be made that TMC Enterprises has satisfied the requirements of 2A:58C-9(a), (b), and (d) of the NJPLA.

Plaintiff's argument in opposition to the pending motions and in support of his claim under Rule 11 appears to be focused on provisions of subsection c. of the NJPLA. Plaintiff asserts that Defendants must prove that the Chinese manufacturer has a presence in the United

**LITCHFIELD**
‾‾‾‾‾‾ CAVO LLP
Attorneys at Law

The Honorable Esther Salas
United States Magistrate Judge
April 8, 2011
Page 4

States and assets in the United States in order to be considered an "innocent seller". In reality, subsections c. states:

> (2) The manufacturer has no known agents, facility, or other presence within the United States; **or**
> (3) The manufacturer has no attachable assets or has been adjudicated bankrupt and a judgment is not other recoverable from the assets of the bankruptcy estate.

*See* N.J.P.L.A. 2A;58C-9c. The key language is "or" and not "and" as Plaintiff improperly and incorrectly states to the Court.

TMC Enterprises has conceded that it served as the registered agent to the Chinese manufacturer for the sole and limited purpose of assisting the Chinese manufacturer obtain the product listing from UL. It is not disputed by TMC Enterprises, and it has been known by all parties since early 2010 as Thomas Miller so testified at deposition, that TMC Enterprises served as a conduit for information between the manufacturer and UL.

TMC Enterprises also stated that it is not aware of any assets that the Chinese manufacturer has in the United States. However, subsection c.(3) of the NJPLA does not specifically state that the assets must be in the United States, it simply states "attachable assets." Since Plaintiff was aware of the name of the manufacturer back in 2009, Plaintiff should have undertaken some discovery or made some inquiry as to whether there are assets that could be attached as a result of a judgment in this matter. *See Claypotch, supra.* There is nothing on this record from Plaintiff indicating that Plaintiff made any effort to determine if there are attachable assets of the Chinese manufacturer.

Based on all of the foregoing, there is absolutely a reasonable basis, both in fact and the law, for TMC Enterprises to assert the "innocent seller" defense. Plaintiff has misquoted the

**LITCHFIELD**
Attorneys at Law **CAVO** LLP

The Honorable Esther Salas
United States Magistrate Judge
April 8, 2011
Page 5

NJPLA for its own benefit, taken portions of testimony out of context, and has improperly filed this rule 11 informal motion which simply mirrors its opposition to the defendant's respective motions for summary judgment. Accordingly, Plaintiff's informal motion for Rule 11 sanctions should be denied, and the respective motions of all the parties should proceed for ruling before the Court.

Respectfully submitted,

John D. Shea

JDS/lfn
cc:   David A. Mazie, Esquire *(Via ECF Filing)*
      John H. Maucher, Esquire *(Via ECF Filing)*
      Scott L. Haworth, Esquire *(Via ECF Filing)*