

45 Broadway, 21st Floor, New York, NY 10006
212.952.1100 • Fax: 212.952.1110
www.hcandglaw.com

*Scott Haworth*
*Direct: 212.952.1101*
*scott.haworth@hcandglaw.com*

June 3, 2011

<u>*Via ECF*</u>

Honorable Magistrate Judge Esther Salas
United States District Court for the District of New Jersey
50 Walnut Street
Newark, New Jersey 07101

**Re: *Mechin v. Carquest, et al.***
   Docket No.: 07-5824 (SDW)(ES)
   Our File No.: 571-1003

Dear Judge Salas:

I represent defendant Voltec Industries, LLC. I am writing to respectfully request leave to file a motion for summary judgment to address the cross-claims that survived the settlement of plaintiff's claims herein.

As addressed in Voltec's May 12, 2011 correspondence, a copy of which is attached, the defendants asserted various cross-claims in their respective answers. The cross-claims involve common law and contractual indemnification claims asserted by the Carquest and TMC/Tasco defendants against Voltec and likewise, by Voltec against the Carquest and TMC/Tasco defendants. As a result of the settlement, the contribution cross-claims are extinguished as a matter of law. See Tefft v. Tefft, 192 N.J.Super. 561, 570, 471 A.2d 790, 796 (App.Div.1983) (holding that a non-settling defendant has no right to contribution against a settling defendant but rather would receive a credit for the settling defendant's percentage of responsibility as determined by the jury). It is Voltec's position that the remaining indemnification cross-claims asserted by and against Voltec can also be resolved as a matter of law.

As to TMC/Tasco, it was upstream of Voltec and it acted as the manufacturer's agent for UL approval and sales in the United States. It is unclear on what basis TMC/Tasco could possibly recover from Voltec.

As to the Carquest defendants, they have asserted a claim for both common law and contract-based indemnification against Voltec. Paragraph 2.4 of the Agreement between Voltec and Carquest states in pertinent part:

Honorable Magistrate Judge Esther Salas
June 3, 2011
Page 2

> The Supplier shall indemnify and hold harmless the Company, Carquest Corp. and each Member against any and all liabilities, losses, damages, costs and expenses, including court costs and reasonable attorney's fees, that the Company, Carquest Corp. and each Member, may incur or sustain by reason of any claim, demand, legal actions or judgment based upon or arising out of …(ii) any alleged or actual defects of any kind in the **design, manufacture, preparation, or handling** of the Products; provided that the Supplier shall not be liable for the gross negligence or willful misconduct of the Company, Carquest Corp. or any Member…

It is Voltec's position that this case does not involve the "design" "manufacture," "preparation" or "handling" of the subject drop light. While plaintiff couched his claim as one partly based upon "design" defect, it is in reality a claim regarding the manner in which the drop light was marketed, labeled and sold to commercial automotive garages including Denville Firestone, issues not encompassed by the above-cited agreement and activities which Carquest played a direct and active role in. Further, the agreement does not expressly provide that Voltec will indemnify Carquest for its own negligence. See Mantilla v. NcMall Associates, 167 N.J. 262, 269, 770 A.2d 1144, 1148 (2001), wherein the Court held, "A contract will not be construed to indemnify the indemnitee against losses resulting from its own negligence unless such intention is expressed in unequivocal terms."  See also Pingaro v. Rossi, 322 N.J.Super. 494, 510, 731 A.2d 523 (App.Div.1999) (holding that there is a presumption against indemnifying an indemnitee for its own negligence that can be rebutted only by plain language clearly expressing a contrary intent). As to common law indemnification, if a jury were to find Carquest liable to any degree, that finding would necessarily be based on Carquest's independent negligence in marketing the droplight. Carquest's portion of the settlement therefore is not vicarious but instead represents its share of potential liability for the claim by plaintiff that it negligently marketed the drop light to commercial automotive garages. Carquest, as an active tortfeasor, has no basis upon which to seek common law indemnification from Voltec. See Adler's Quality Bakery, Inc. v. Gaseteria, Inc., 32. N.J. 55, 159 A.2d 97 (holding that indemnity may not be obtained by one who is at fault). Thus, there is no basis for requiring Voltec to indemnify Carquest for Carquest's share of the settlement.

Given the foregoing, Voltec respectfully requests leave to file a motion for summary judgment regarding the pending cross-claims. Based on conversations amongst defense counsel, we believe that TMC/Tasco and Carquest will also seek to file summary judgment motions relating to their cross-claims. We respectfully suggest that a schedule be set requiring moving papers to be served and filed by July 15, 2011, opposition papers by August 5, 2011 and any reply papers by August 12, 2011.

Thank you very much for your Honor's time and attention to this matter. We are available to conference the above-mentioned issues at your Honor's convenience.

Honorable Magistrate Judge Esther Salas
June 3, 2011
Page 3

           Respectfully Submitted,

           Scott Haworth
           Haworth Coleman & Gerstman, LLC

SLH/blg
Enclosure

cc:

John Shea, Esq.
Litchfield Cavo, LLP
1800 Chapel Avenue West
Suite 360
Cherry Hill, New Jersey 08002

John H. Maucher, Esq.
Mintzer Sarowitz Zeris Ledva & Meyers LLP
2070 Springdale Road, Suite 400
Cherry Hill, New Jersey 08003



45 Broadway, 21st Floor, New York, NY 10006
212.952.1100 • Fax: 212.952.1110
www.hcandglaw.com

*Scott Haworth*
*Direct: 212.952.1101*
*scott.haworth@hcandglaw.com*

May 12, 2011

*Via ECF*

Honorable Susan D. Wigenton, U.S.D.J.
United States District Court for the District of New Jersey
50 Walnut Street
Newark, New Jersey 07101

**Re: *Mechin v. Carquest, et al.***
     Docket No.: 07-5824 (SDW)(ES)

Dear Judge Wigenton:

     I represent defendant Voltec Industries, LLC. I write in response to the letter filed on May 10, 2011 by John Maucher, Esq., counsel for the Carquest defendants.

     As this Court is aware, plaintiff's claims against Voltec have been settled. A General Release was executed, the settlement funds have been paid and deposited and a Stipulation of Dismissal with Prejudice as to plaintiff's claims against Voltec was So Ordered by this Court on May 10, 2011. Mr. Maucher correctly states that cross-claims for contribution and indemnification were asserted by the Carquest and TMC/Tasco defendants against Voltec and likewise, by Voltec against the Carquest and TMC/Tasco defendants.

     Mr. Maucher is incorrect, however, in his assertion that Carquest and/or TMC/Tasco still have pending cross-claims for contribution against Voltec. As a result of Voltec's settlement with plaintiff, all contribution cross-claims against Voltec were extinguished as a matter of law. See Tefft v. Tefft, 192 N.J.Super. 561, 570, 471 A.2d 790, 796 (App.Div.1983) (holding that a non-settling defendant has no right to contribution against a settling defendant but rather would receive a credit for the settling defendant's percentage of responsibility as determined by the jury).

     As to the remaining cross-claims for common law and contract-based indemnification, Voltec and TMC/Tasco have asserted cross-claims for common law indemnification against one another. However, as the downstream distributor, it is unclear on what basis TMC/Tasco as the distributor immediately upstream from Voltec could possibly recover from Voltec. As to the Carquest defendants, they have asserted a claim for both common law and contract-based indemnification against Voltec. Paragraph 2.4 of the Agreement between Voltec and Carquest states in pertinent part:

Honorable Susan D. Wigenton, U.S.D.J.
May 12, 2011
Page 2

> The Supplier shall indemnify and hold harmless the Company, Carquest Corp. and each Member against any and all liabilities, losses, damages, costs and expenses, including court costs and reasonable attorney's fees, that the Company, Carquest Corp. and each Member, may incur or sustain by reason of any claim, demand, legal actions or judgment based upon or arising out of …(ii) any alleged or actual defects of any kind in the **design, manufacture, preparation, or handling** of the Products; provided that the Supplier shall not be liable for the gross negligence or willful misconduct of the Company, Carquest Corp. or any Member…

This case does not involve the "manufacture," "preparation" or "handling" of the subject drop light.  Although plaintiff couches his claim as one based upon "design" defect, it is in reality a claim regarding the manner in which the drop light was marketed, labeled and sold, issues not encompassed by the above-cited agreement.  Further, the agreement does not expressly provide that Voltec will indemnify Carquest for its own negligence.  See Mantilla v. NcMall Associates, 167 N.J. 262, 269, 770 A.2d 1144, 1148 (2001), wherein the Court held, "A contract will not be construed to indemnify the indemnitee against losses resulting from its own negligence unless such intention is expressed in unequivocal terms." Id.  See also Pingaro v. Rossi, 322 N.J.Super. 494, 510, 731 A.2d 523 (App.Div.1999) (holding that there is a presumption against indemnifying an indemnitee for its own negligence that can be rebutted only by plain language clearly expressing a contrary intent).  As to common law indemnification, if a jury were to find Carquest liable to any degree, that finding would necessarily be based on Carquest's independent negligence in marketing the droplight.  Therefore Carquest, as an active tortfeasor, would not be entitled to common law indemnification from Voltec.  See Adler's Quality Bakery, Inc. v. Gaseteria, Inc., 32. N.J. 55, 159 A.2d 97 (holding that indemnity may not be obtained by one who is at fault).  Thus, it seems highly unlikely that Carquest could be found to be entitled to indemnity from Voltec.

Nonetheless, Voltec has retained and timely disclosed two experts who offer opinions as to the drop light's design – Donald Hoffmann, Ph.D., C.F.I., P.E. and C. Bruce Gambardella, P.E.  To the extent plaintiff maintains his design defect claim and/or Voltec is compelled to participate in the trial of plaintiff's case against the non-settling defendants, Voltec reserves its right to rely upon these experts in defense of Carquest's cross-claim for indemnification.[1]  Likewise, should plaintiff withdraw the design defect claim or summary judgment be granted to the non-settling defendants dismissing the design defect claim or all surviving cross-claims by and against Voltec be severed from the underlying matter, the need for Voltec to present expert or other testimony would be obviated.

Accordingly, we respectfully submit that (i) all contribution-based cross-claims are dismissed as a matter of law by virtue of plaintiff's claims against Voltec having been settled; (ii) the sole indemnity cross-claim against Voltec upon which any party can conceivably recover

---

[1] The same right is reserved as to the common-law cross-claims for indemnification asserted by and against Voltec, although the need for expert testimony in regard to those claims is not as clear.

Honorable Susan D. Wigenton, U.S.D.J.
May 12, 2011
Page 3


is Carquest's contract-based cross-claim;  (iii) Carquest can only potentially recover under that cross-claim if a jury were to conclude that the product was defectively designed and Carquest is found to have no liability; (iv) to the extent the cross-claims by and against Voltec are not severed from the underlying matter Voltec has the right to rely upon its experts to defeat the design-defect based cross-claim unless such claim is voluntarily dismissed by the plaintiff or dismissed by this Court as a matter of law; and (v) Voltec's affirmative cross-claims survived the settlement as well.

      Please note that Voltec reserves its right to amend, alter and/or supplement its arguments with respect to the pending cross-claims in any motion practice that may ensue regarding these claims.  This letter is simply provided in response to Carquest's counsel's letter and is not intended to exhaustively discuss the above-mentioned issues.

      Thank you very much for your Honor's time and attention to this matter.  We are available to conference each of the above-mentioned issues at your Honor's convenience.

      Respectfully Submitted,

      Scott Haworth
      Haworth Coleman & Gerstman, LLC

SLH/

cc:

David Mazie, Esq.
Matthew R. Mendelsohn, Esq.
Mazie Slater Katz & Freeman LLC
103 Eisenhower Parkway, 2nd Floor
Roseland, New Jersey 07068

John Shea, Esq.
Litchfield Cavo, LLP
1800 Chapel Avenue West
Suite 360
Cherry Hill, New Jersey 08002

John H. Maucher, Esq.
Mintzer Sarowitz Zeris Ledva & Meyers LLP
2070 Springdale Road, Suite 400
Cherry Hill, New Jersey 08003